**Patterson Johnson-Stovall & Crenshaw, PLLC**
777 East Thomas Road,
Suite 210
Phoenix, Arizona 85014
Tel.: (602) 462-1004
Fax:  866 829 9252

Joyce Johnson-Stovall, SBN 022906
Rosval A. Patterson, SBN 018872
Attorneys for the Plaintiff
E-mail: jjohnsonstovall@uratty.com
        rpatterson@uratty.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James D. Russell | Case No.: |
| Plaintiff | |
| v. | ORIGINAL COMPLAINT |
| Western States Asbestos Workers' Pension Plan; Western States Insulators and Allied Workers Pension Plan and Associated Third Party Administrators. | |
| Defendants. | |

## I.   INTRODUCTORY STATEMENT

This action is brought by James D. Russell, (herein referred to as "Mr. Russell" or "Plaintiff") former employee of Western States Asbestos Workers, for payment of retirement pay wrongfully withheld from Plaintiff, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq.; and particularly Section 510 (29 U.S.C. § 1140) and for damages for Defendant's

negligent misrepresentation regarding the retirement pay promised and relied on by Plaintiff to his detriment and for breach of contract under Arizona law.

## II.  ADMINISTRATIVE EXHAUSTION

1. On March 13, 2012, Plaintiff wrote a letter to the Plan Administrator demanding that his pension benefits be reinstated.
2. As of June 1, 2012 the Plan Administrator has failed to respond to Plaintiff's request.
3. Plaintiff has afforded reasonable opportunity for the Plan Administrator to respond to his request.
4. Plaintiff has exhausted his administrative remedies.

## III. JURISDICTION

5. Jurisdiction over Plaintiff's claims is invoked pursuant to § 1132, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) (4), and Plaintiff requests the Court exercise jurisdiction over his pendent state claims.

## IV. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Arizona.  Plaintiff's address is P.O. Box 537, Morristown, Arizona 85342.
7. Defendant, Western States Asbestos Workers' Pension Plan (collectively, the "Party Administrator") is a foreign corporation with a place of business in Arizona.
8. Defendant, Western States Insulators and Allied Workers Pension Plan (collectively, the "Party Administrator") is a foreign corporation with a place of business in Arizona.

9. Defendant, Associated Third Party Administrators work on behalf of Western States Insulators and Allied Workers Pension Plan (collectively, the "Party Administrator") is a foreign corporation with a place of business in Arizona.

10. Defendants are employers engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1002(5) and (12). Defendants are both the "plan sponsor" pursuant to 29 U.S.C. § 1002(16) (A) and the "plan administrator" pursuant to 29 U.S.C. § 1002(16) (B) of the "general retirement plan for employees for Western States Asbestos Workers."

11. At all times relevant to this complaint, Defendants maintained a facility in Phoenix, Arizona.

### III. JURISDICTION

12. This action arises under Sections 502 and 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 & 1140 (1974). As such, this presents a federal question and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### IV. GENERAL ALLEGATIONS

13. Plaintiff was a participant in the Western States Asbestos Workers' Pension Plan (the "Pension Plan") between the dates of August 1, 1970 to December 28, 2001.

14. Mr. Russell's last date of employment with Defendant was December 28, 2001.

15. Mr. Russell had a vested right to benefits under the Pension Plan.

16. Defendant began paying retirement benefits on March 6, 2002.

17. On July 7, 2002 Defendant suspended Mr. Russell's retirement benefits because he was an owner and full time employee of Copper State Insulation, Inc., which included Copper State Insulation Contracting.

18. On October 22, 2007 Defendant conducted an official name change to Western States Insulators and Allied Workers Pension Plan.

19. On December 31, 2010 Mr. Russell closed Copper State Insulation Contracting.

20. On January 5, 2011 Mr. Russell contacted Defendant to request reinstatement of his retirement benefits.

21. On January 13, 2011 Mr. Russell contacted Defendant to request reinstatement of his retirement benefits.

22. On February 7, 2011 Mr. Russell contacted Defendant to request reinstatement of his retirement benefits.

23. On March 21, 2011 Mr. Russell contacted Defendant to request reinstatement of his retirement benefits.

24. Mr. Russell received no response from Defendant to his four (4) requests.

25. On April 15, 2011 Mr. Russell closed Copper State Insulation, Inc.

26. Mr. Russell requested that the law firm of Davis Miles draft a letter to request reinstatement of his retirement benefits.

27. Western States Asbestos Pension Fund failed to respond or to reinstate Mr. Russell's benefits.

28. In December of 2011, Mr. Russell again requested reinstatement of his retirement benefits.

29. Again Defendant failed to respond or to reinstate Mr. Russell's benefits.

30. Mr. Russell maintains that he has a right to the wrongfully withheld pension benefits.

31. Mr. Russell is entitled to benefits through pension plans earned with Western State Asbestos.

32. Mr. Russell was denied benefits without cause.

33. Defendant's refusal to reinstate Mr. Russell's retirement benefits interfered with his protected rights to receive benefits under the Pension Plan in violation of 29 U.S.C. § 1140.

## COUNT 1

## ERISA VIOLATION (29 U.S.C. SECTION 1001 ET SEQ.)

34. Paragraphs 1-33 are re-alleged and incorporated by reference as though set forth fully herein.

35. Defendant has interfered with the right of Mr. Russell to receive reinstated and continued retirement benefits under Defendant's employee benefit plan, thereby causing Mr. Russell to lose substantial retirement benefits.

## COUNT 2

## PROMISSORY ESTOPPEL

36. Paragraphs 1- 35 are re-alleged and incorporated by reference as though set forth fully herein.

37. Defendant's representations to Mr. Russell confirming the benefits to which he is entitled to under the benefit Plan was false.

38. Mr. Russell relied upon those representations.

39. The representations caused harm to Mr. Russell.

40. As a result of Defendant's misrepresentations, Mr. Russell suffered loss of income, retirement and other fringe benefits, consequential damages and mental and emotional pain and suffering.

## COUNT 3

## BREACH OF CONTRACT

41. Paragraphs 1- 40 are re-alleged and incorporated by reference as though set forth fully herein.

42. By and through its practices, writings and oral assurances referenced in this Complaint, upon which the Mr. Russell relied upon and for which he gave adequate consideration by continuing to work, Defendant created a contract with Plaintiff.

43. Plans given after the Pension Plan were considered supplement plans to the Pension Plan, therefore are part of the contract entered into between Defendant and Mr. Russell.

44. In refusing to award Mr. Russell the retirement benefits as outlined in Defendant's Pension Plan, the defendants breached its contract with Mr. Russell, causing him to suffer lost retirement benefits and consequential damages.

45. Mr. Russell is entitled to recover his costs pursuant to A.R.S. § 12-341and his reasonable attorney's fees pursuant to A.R.S § 12-341.01 for having to bring this suit.

46. As a direct and proximate result of the breach by Defendant, Mr. Russell is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's practices unless and until this Court grants relief.

47. As a direct and proximate result of Defendant's breach of the contract, Mr. Russell has been damaged in an amount to be proven at trial.

## COUNT 4

## **BREACH OF GOOD FAITH AND FAIR DEALING**

48. Paragraphs 1- 47 are re-alleged and incorporated by reference as though set forth fully herein.

49. In addition Mr. Russell alleges that the conduct described herein constitutes a breach of Defendant's express covenant of good faith and fair dealing, justifying the imposition of, inter alia, compensatory, consequential, punitive and exemplary damages in an amount to be proven at trial.

50. By participating in the benefit plans offered by Defendant, Mr. Russell entered into a contractual relationship with the defendant by paying for pension benefits through payroll deductions, thereby giving rise to an implied contract.

51. Defendant owed Mr. Russell a duty of good faith and fair dealing.

52. The agreement between Mr. Russell and Defendant contained an implied covenant of good faith and fair dealing, which imposes upon Defendant a duty to act in good faith and deal fairly with Mr. Russell at all times, and to refrain from undertaking actions that are designed to deprive Mr. Russell of actually receiving its bargained for agreement, which were the retirement benefits.

53. The refusal of Defendant to reinstate Mr. Russell's retirement benefits violated the implied covenant.

54. Said non-forfeitable benefits were forfeited through wrongful administration of the Pension Plan.

55. Defendant has unreasonably withheld benefits otherwise due under the policy.

56. Defendant's conduct described above was undertaken in bad faith.

57. As a result, Mr. Russell has been damaged in an amount to be proven at trial.

58. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing by Defendant, Mr. Russell is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's practices unless and until this Court grants relief.

## V.  PRAYER FOR RELIEF

WHEREFORE, Mr. Russell requests that this Court exercise jurisdiction over his claims and award:

1. Full legal and equitable relief under ERISA (29 U.S.C. § 1001 et seq.);

2. An order awarding Mr. Russell the benefits to which he is entitled under any and all employee benefit plans of Defendant;

3. A declaratory judgment that the practices complained of are unlawful and void;

4. An award of pre-judgment and post-judgment interest on all amounts awarded pursuant to Mr. Russell's claims;

5. An award of all costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(l) and A.R.S. § 12-341 and A.R.S. § 12-341.01;

6. An award of all compensatory damages incurred by Mr. Russell;

7. An award of punitive damages; and

8. Award of such other and further relief as may seem just and necessary to this Court.

## VI. DEMAND FOR JURY TRIAL

James D. Russell requests a jury trial on all questions of fact raised by its complaint.

DATED this 8th day of June, 2012.

                           Patterson Johnson-Stovall & Crenshaw, P.L.L.C.

                             /s/Rosval A. Patterson

                           Rosval A. Patterson
                           777 East Thomas Road, Suite 210
                           Phoenix, Arizona 85014
                           Attorney for the Plaintiff

.